Barbour, J.
This is an action, in the nature of a creditor’s suit, brought to set aside an assignment, and also to reach certain household furniture alleged in the complaint to belong to one of the three judgment debtors, and to be held for his use by another of the defendants.
By the assignment, made in April, 1861j the three assignors, members of a firm, convey to the assignee all the estate, real and personal, jointly held by them, in trust to convert the same into money and, out of the proceeds, “ to protect, save harmless, and indemnify the party of the second part of and from the payment of any sum by reason of his having executed a covenant of suretyship,” ® * for the payment by the assignors of certain rents, amounting to $3500 a year* payable quar *646 terly, covered by a lease then having about four years to run. As this is the only important direction which is objected to by the plaintiffs, it is unnecessary to state the further provisions of the assignment.
The direction objected to does not constitute a trust to hold a portion of the funds to indemnify the assignee for such sums as he may be compelled to pay upon a contingent liability, and which, from the nature of the obligation, he may never be required to pay at all, but it is a direction to pay the rents as they shall become due ; for in no other way can the guarantor be fully protected and saved harmless, of and from the payment of such rents. It is, therefore, a trust to pay certain sums, not yet due, at certain fixed periods as they shall accrue ; to which, under numerous decisions, no valid objection can be made. It follows that the assignment must be sustained.
The plaintiffs failed to show by their evidence, I think, that the furniture of the defendant Jacobson, alleged to be held by contract, comprised any articles other than those which were by law exempt from sales on execution.
The defendants must have judgment, dismissing the complaint with costs.